UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICARDO BARQUERO,                                    CASE NO.:

     Plaintiff,

v.

BLOOMINGDALE'S, INC., a foreign profit
corporation d/b/a BLOOMINGDALE'S AND
FORTY CARROTS

     Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, BLOOMINGDALE'S, INC. ("Bloomingdale's") pursuant to 28 U.S.C. §§1332, 1441, and 1446, files its Notice of Removal of the above-captioned action pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court, Southern District of Florida, being the district and division in which the action is pending, and states as follows:

1.     Plaintiff RICARDO BARQUERO ("Plaintiff") commenced this action against Bloomingdale's in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in a case styled *Ricardo Barquero v. Bloomingdale's, Inc., a foreign profit corporation d/b/a Bloomingdale's and Forty Carrots*, Case No. 2016-017695-CA-01.

2.     All process, pleadings, and orders, as well as all pending motions that have been filed in this case, are attached to this Notice of Removal as Exhibit A.

3.     Defendant accepted service of the Complaint on July 21, 2016. Pursuant to 28 U.S.C. §1446(b), Defendant has timely filed its Notice of Removal within thirty (30) days from service of the Summons and Complaint.

4.     Plaintiff alleges four counts in his Complaint: Count I  for discrimination based on sexual orientation in violation of Miami-Dade County Human Rights Act Chapter 11(a) *et. seq.*; Count II for retaliation in violation of the Miami-Dade County Human Rights Act Chapter 11(a) *et. seq.*; Count III for discrimination based on gender in violation of the Florida Civil Rights Act, Florida Statutes Section 760.10; and Count IV for retaliation in violation of the Florida Civil Rights Act, Florida Statutes, Chapter 760. (*See* Exhibit A, Plaintiff's Complaint.)

5.     This Court has original jurisdiction of this action under the provisions of 28 U.S.C. §1332, and Bloomingdale's is entitled to remove this action to this Court pursuant to the diversity provisions of 28 U.S.C. §§1441(b) and 1446(c) because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.     Upon information and belief, Plaintiff is a citizen and resident of the State of Florida.

7.     Pursuant to 28 U.S.C. §1332(c)(1), Bloomingdale's is deemed to be a citizen of the state in which it was incorporated and the state where its principle place of business is located. Bloomingdale's is incorporated under the laws of the State of Ohio. Its principle place of business is located in the State of New York.

8.     Accordingly, there is complete diversity of citizenship between the parties, which existed at the time the Complaint was filed and at the time of this Notice of Removal.

9.     Additionally, pursuant to 28 U.S.C. §1332(a), the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff has alleged discrimination and retaliation under Miami-Dade County Human Rights Act and the Florida Civil Rights Act and alleges that he has sustained continuing and permanent damages including "great and irreparable

economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses." *See* Exhibit A, Plaintiff's Complaint ¶¶22 and 43. Additionally, Plaintiff claims that he has "suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages." *See* Exhibit A, Plaintiff's Complaint ¶¶35 and 53. Plaintiff seeks relief in the form of injunctive relief, lost wages, benefits, front pay, back pay, compensatory damages for emotional distress, embarrassment, and humiliation, attorneys' fees, and any other relief allowed by law. *See* Exhibit A, Plaintiff's Complaint. Under the Florida Civil Rights Act, there is no cap on compensatory damages and punitive damages up to $100,000 could be awarded. As such, upon information and belief, Plaintiff is seeking total damages in excess of $75,000.00.

10.     Simultaneous with the filing of this Notice of Removal, Bloomingdale's has notified the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida of removal of this action. *See* Exhibit B, Notice of Filing Notice of Removal. By filing this Notice of Removal, Bloomingdale's does not waive any defenses to the claims asserted in the Complaint, nor does it concede that Plaintiff has stated any claim upon which relief can be granted.

**WHEREFORE**, Defendant, Bloomingdale's, Inc. requests that the above action be removed from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

3

Respectfully submitted,

SHUTTS & BOWEN LLP
*Attorneys for Defendant*
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida  33131
Telephone: (305) 379-9103
Facsimile: (305) 347-7386


By:    s/ Sheila M. Cesarano
    Sheila M. Cesarano, Esq.
    Florida Bar No. 708364
    Email: SCesarano@shutts.com
    Rene Gonzalez-LLorens, Esq.
    Florida Bar No.
    Email: rgl@shutts.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF, and also sent via electronic mail to:

Jason S. Remer, Esq.
REMER & GEORGES-PIERRE, PLLC
*Attorney for Plaintiff*
44 W. Flagler Street, Suite 2200
Miami, Florida 33130
Tel: 305.416.5000
Fax: 305.416.5005
Email: jremer@rgpattorneys.com

    s/ Sheila M. Cesarano
    Of Counsel


MIADOCS 13447690 2

4